IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

THE ESTATE OF JOHN R.H. THOURON,
CHARLES H. NORRIS, EXECUTOR,

    Plaintiff,

v.

CECIL SMITH & ASSOCIATES, PC, CECIL
SMITH, GIBBS PROFESSIONAL
CORPORATION, AND LARRY GIBBS,

    Defendants.

CIVIL ACTION
NO. 12-3421

**OPINION**

**Slomsky, J.**                                                                                                                                                                January 3, 2013

## I. INTRODUCTION

Before the Court is a Motion to Dismiss the Complaint or, in the alternative, to Transfer Venue. (Doc. No. 12.) The Motion was filed by Defendants Cecil Smith and his law firm, Cecil Smith & Associates ("Defendants"). Plaintiff in this case is the Estate of John R.H. Thouron by and through an Executor named Charles H. Norris ("Plaintiff"). Plaintiff has sued Defendants for giving incorrect advice to the Estate on an estate tax filing required by the Internal Revenue Service ("IRS"). The alleged malpractice is pursued here as a claim for breach of contract by Defendants.

Defendants have moved to dismiss the Complaint on the ground that Plaintiff has failed to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).

In the alternative, Defendants seek to have this case transferred to the federal court located in the Western District of Tennessee. For reasons that follow, the Court will deny Defendants' Motion.[1]

## II. ANALYSIS

### A. The Motion to Dismiss

For present purposes, the Court accepts as true all well-pleaded facts of the Complaint. A plaintiff must state sufficient "facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662 (2009). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. Thus, the allegations must do more than raise a "'mere possibility of misconduct.'" Fowler v. UPMC Shadyside, 578 F.3d 203, 211 (3d Cir. 2009) (quoting Iqbal, 556 U.S. at 679).

In this case, Defendants contend that the breach of contract action filed by Plaintiff is barred by the statute of limitations and for this reason there is no plausible claim. They argue that the cause of action for breach of contract arose in Tennessee and the applicable statute of limitations for such an action is the one year limitations period under Tennessee law. Tenn. Code Ann. § 28-3-104(a)(e)(2). Plaintiff submits, on the other hand, that the four year statute of limitations under Pennsylvania law for breach of contract applies here. 42 Pa. Cons. Stat. § 5525(a).[2] To support their claim, Defendants rely on the Pennsylvania Uniform Statute of Limitations on Foreign Claims Act, commonly referred to as the "borrowing statute," which provides as follows:

---

[1] In deciding Defendants' Motion to Dismiss or to Transfer Venue, this Court has considered the following: the Motion to Dismiss (Doc. No. 12), Plaintiff's Response (Doc. No. 17), the Reply to Plaintiff's Response (Doc No. 18), the Surreply of Plaintiff (Doc. No. 21), the Brief in Further Support of the Motion to Dismiss (Doc. No. 22), Plaintiff's Supplemental Brief (Doc. No. 27) and the arguments of counsel at a December 18, 2012 hearing.

> The period of limitation applicable to a claim accruing outside this Commonwealth shall be either that provided or prescribed by the law of the place where the claim accrued or by the law of this Commonwealth, whichever first bars the claim.

42 Pa. Cons. Stat. § 5521(b).

The Pennsylvania Supreme Court has explained, "a right of action accrues only when injury is sustained by the plaintiff — not when the causes are set in motion which ultimately produce injury as a consequence." Foley v. Pittsburgh-Des Moines Co., 68 A.2d 517, 533 (Pa. 1949). In addition, a cause of action arises and the statute of limitations begins to run "as determined by the final significant event necessary to make the claim suable." Mack Trucks, Inc. v. Bendix-Westinghouse Automotive Air Brake Co., 372 F.2d 18, 20 (3d Cir. 1967).

With respect to the elements of a breach of contract, under Tennessee law, a plaintiff must plead the existence of a contract whether express or implied, the breach of an obligation imposed by the contract, and resultant damages. Life Care Ctrs. of Am. v. Charles Town Assocs. Ltd. Ptnr., 79 F.3d 496, 514 (6th Cir. 1996) (interpreting Tennessee law). The elements of a breach of contract under Pennsylvania law are the same. Pennsy Supply, Inc. v. Am. Ash Recycling Corp. of Pa., 895 A.2d 595, 600 (Pa. Super. 2006).

The essence of the breach of contract claim here is that Defendants, as counsel, advised the Executor that due to the complexity and size of the Estate, it was necessary to request an

---

[2] The Complaint was filed on June 15, 2012. Defendants contend that the breach of contract accrued on June 16, 2008. The Third Circuit rule "permits a limitations defense to be raised by a motion under Rule 12(b)(6), but only if the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations. If the bar is not apparent on the face of the complaint, then it may not afford the basis for a dismissal of the complaint under Rule 12(b)(6)." Robinson v. Johnson, 313 F.3d 128, 135 (3d Cir. 2002) (internal citations and quotations omitted). The Complaint does not show on its face that a statute of limitations lapsed. The Complaint alleges the cause of action accrued on June 16, 2008 when the Estate first received notice of the IRS penalty. (Doc. No. 1 at ¶ 35.) If Pennsylvania's four year statute of limitations applies, there is no violation of the limitations period on the face of the Complaint. See infra n. 3.

extension of time from the IRS in which to file an estate tax return. In addition, Defendants advised that this filing would also extend the time to pay the estate tax. It turns out that a separate filing was required to extend the date of the payment of the estate tax. The form to make this request was never filed with the IRS and the failure to do so resulted in the IRS assessing a penalty of $999,072.00 plus interest against Plaintiff. The notification that these funds were due to the IRS was sent to the Executor of the Estate in Pennsylvania. The Executor paid the penalty and challenged it in a suit filed in this Court in Estate of Thouron v. USA, 11-cv-4058.

Defendants contend that the breach of contract, if any, stemming from the advice given occurred in Tennessee. Tennessee is where Defendants had their office and where certain advice was given to the Executor of the Estate. Plaintiff submits that the breach of contract occurred in Pennsylvania because Defendant Smith traveled to Pennsylvania on several occasions, signed his engagement contract in Pennsylvania, gave advice to the Executor in Pennsylvania, the Estate was probated in Pennsylvania state court, and the damages sustained occurred in Pennsylvania.

To support its claim that the cause of action for breach of contract arose in Tennessee and that the one year Tennessee statute of limitations would bar the claim here, Defendants rely on deposition testimony and documents obtained in the related case in this Court that the Estate brought against the IRS, Estate of Thouron v. USA, 11-cv-4058. Although Defendants recognize that a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted is essentially a challenge to the sufficiency of a complaint on its face, and that ordinarily depositions and documents submitted by Plaintiff cannot be considered by a court on a motion to dismiss a complaint, they request the Motion be converted to one for summary judgment. Federal Rule of Civil Procedure 12(d) provides that:

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

At this stage of the proceedings, the Motion to Dismiss filed by Plaintiff will not be converted into one for Summary Judgment. When discovery was taken in the related case against the IRS, Plaintiff did not focus on the statute of limitations issue raised by Defendants here and should be afforded the opportunity to investigate this defense in discovery in the instant case. Moreover, without deciding the issue, it is not entirely clear that Defendants' analysis is correct. The parties should be given the time during discovery to consider their respective positions.[3]

Finally, in an Order to be issued with this Opinion, Defendants will be required to file an Answer to the Complaint within 20 days. Under Federal Rule of Civil Procedure 8(c)(1), in response to the Complaint, Defendants may raise a violation of the statute of limitations as an affirmative defense and pursue this matter in this litigation in the future.

Accordingly, at this stage of the proceedings it is premature to consider deposition testimony and documents on the Motion to Dismiss, which will not be converted to a Motion for Summary Judgment. Since on its face the Complaint does not show that suit was filed in violation of the statute of limitations, the Motion to Dismiss will be denied.

---

[3] It appears that Plaintiff may be correct that Pennsylvania is the appropriate jurisdiction in which to file suit because damages are necessary in order to file a breach of contract action. Specifically, it seems that the "last significant event" for the breach of contract claim to accrue and become suable occurred when Plaintiff sustained damage arising from the notification it received in Pennsylvania of the financial penalty imposed by the IRS. The penalty was paid prior to filing the related suit against the IRS.

### B. The Motion to Transfer to the Western District of Tennessee

Defendants move, in the alternative, to transfer this matter to the United States District Court for the Western District of Tennessee. A district court may transfer a case pursuant to 28 U.S.C. § 1404(a), "for the convenience of parties and witnesses, in the interest of justice" to "any other district or division where it might have been brought or to any district or division to which all parties have consented."

A moving party seeking to transfer a case bears the burden of establishing that: (1) venue is proper in the transferee forum, (2) transfer is more convenient for the parties and witnesses, and (3) transfer would be in the interest of justice. Lehr v. Stryker Corp., No. 09-2989, 2010 U.S. Dist. LEXIS 78642, at *3 (E.D. Pa. Aug. 4, 2010). While there is ordinarily a strong presumption in favor of a plaintiff's choice of forum, a court has "broad discretion to determine, on an individualized, case-by-case basis, whether convenience and fairness considerations weigh in favor of transfer." Jumara v. State Farm Ins. Co., 55 F.3d 873, 883 (3d Cir. 1995). Therefore, the burden is on the moving party to show that "all relevant things considered, the case would be better off transferred to another district." In re United States, 273 F.3d 380, 388 (3d Cir. 2001) (internal quotations and citation omitted).

In Jumara, the Third Circuit set forth "private interest" and "public interest" factors that a district court may consider in deciding a motion to transfer. 55 F.3d at 879-80. First, the "private interests" established in Jumara include:

> [P]laintiff's forum preference as manifested in the original choice, the defendant's preference, whether the claim arose elsewhere, the convenience of the parties as indicated by their relative physical and financial condition, the convenience of the witnesses but only to the extent that the witnesses may actually be unavailable for trial in one of the fora, and the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).

Id. at 879 (internal citations omitted). Second, the "public interests" discussed in Jumara include:

> [T]he enforceability of the judgment, practical considerations that could make the trial easy, expeditious or inexpensive, the relative administrative difficulty in the two fora resulting from the court congestion, the local interest in deciding local controversies at home, the public policies of the fora, and the familiarity of the trial judge with the applicable state law in diversity cases.

Id. at 879-80 (internal citations omitted).

Regarding the first "private interest" Jumara factor, it is apparent that Plaintiff chose to litigate this action in the Eastern District of Pennsylvania, where it believes the operative facts underlying the claim at issue occurred. (Doc. No. 17 at 17.) Specifically, Defendants entered into a contract to perform services for Plaintiff and met on multiple occasions in furtherance of those services in this District. Moreover, Plaintiff is domiciled and the Estate is being probated in this District. (Id.) In addition, three of the six limited partnerships comprising the Estate were organized and headquartered in Pennsylvania. (Id.) This factor weighs heavily against transfer.

With respect to the second "private interest" Jumara factor, Defendants prefer to litigate this case in Tennessee. However, this Court cannot transfer a case based on Defendants' preference when transfer "would merely shift the inconvenience from the defendants to the plaintiff." Blue Ribbon Commodity Traders, Inc. v. Quality Foods Distribs., No. 07-4037, 2008 U.S. Dist. LEXIS 6992, at *3 (E.D. Pa. Jan. 31, 2008) (internal citation omitted). In this case, as noted above, probate proceedings related to the Estate are pending in Pennsylvania and a significant portion of the Estate's assets are held by three Pennsylvania limited partnerships. (Doc. No. 17 at 18.) Thus, this factor weighs against transfer.

The fourth, sixth and seventh "private interest" Jumara factors also weigh against transfer. The fourth Jumara factor – where the claim arose – favors keeping the case in the

Eastern District of Pennsylvania because as discussed above, it appears that this claim arose in this District. Similarly, the sixth and seventh private Jumara factors of convenience of the witnesses and location of the books and records weigh against transfer because there are only two potential witnesses in Tennessee, while there are witnesses, books and records in this District.

With respect to witnesses outside of Tennessee or Pennsylvania, it is equally convenient for them to travel to the Eastern District of Pennsylvania as it is for them to travel to the Western District of Tennessee. The fifth "private interest" Jumara factor, convenience of the parties, is therefore neutral in this case.

In addition, the Court has considered the "public interest" factors set forth in Jumara. While many of these factors are neutral as to whether this case should be transferred, some factors weigh against transferring this case. There is a local interest in deciding this controversy in Pennsylvania, where several of the partnerships involved are domiciled and where the Estate is being probated. Moreover, given this Court's familiarity with the underlying facts and legal issues in the related action against the IRS, Estate of Thouron v. USA, 11-cv-4058, which is assigned to this Court's docket, the interest of judicial economy favors that the case remain in this Court. Accordingly, a weighing of the above factors leads to the conclusion that the Motion to Transfer should be denied.

### III. CONCLUSION

Defendants' Motion to Dismiss this action under Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, to Transfer Venue will be denied. An appropriate Order follows.